UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| RHONDA K. SPENCER AND JEFFREY A. SPENCER, INDIVIDUALLY AND AS NEXT FRIENDS OF LEVI AUSTIN SPENCER | ) ) ) ) ) ) ) | |
| v. | ) ) | NO. 2:04-CV-336 |
| BLUECROSS BLUESHIELD OF TENNESSEE, INC., BLUECROSS-BLUESHIELD OF TENNESSEE, JEFFREY CHAIN CORPORATION, AND JEFFREY CHAIN, L.P. | ) ) ) ) ) | |

**MEMORANDUM OPINION**

This is an action to recover speech therapy expenses brought pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq*. Levi Spencer [Levi] is the son of Jeffrey Spencer [Mr. Spencer], an employee of Jeffrey Chain Corporation [JCC]. Levi is covered under Mr. Spencer's BlueCross Blueshield of Tennessee [BCBST] health insurance through JCC. [Administrative Record 46, hereinafter AR]. The action is now before this court on cross motions for judgment on the pleadings on the basis of the AR.

The court notes at the outset that the policy language gives discretionary authority to JCC to determine eligibility for benefits and to interpret the terms and

provisions of the policy. [AR 220; Supplemental Administrative Record 49, hereinafter "Supp. AR"]. Accordingly, the facts of this case will be reviewed on an abuse of discretion standard. In order to prevail under this standard, the Spencers must prove not only that the company's benefit determination was incorrect but that its decision was arbitrary and capricious.

Under the BCBST Plan [the Plan], speech therapy costs are covered if they result from "accidental injury or disease ... other than a functional nervous disorder." [AR 238]. Also, the speech therapy must be medically necessary and not experimental or investigational. [AR 199]. BCBST originally covered the costs of Levi's autism-related speech therapy. [AR 33, 46; Supp. AR 62]. In February 2004, BCBST denied continued payment of benefits because the services were deemed "investigative" and "not medically necessary." [SR 9; Amended Complaint, Exh. B]. The Spencers appealed the decision in March 2004, and in May 2004, the denial of benefits was upheld. [AR 75]. In June 2004, the Spencers appealed the decision again, and the decision was again reaffirmed in July 2004. [AR 3].

This court agrees with JCC's decision that Levi's speech therapy costs were not covered under the BCBST plan. The Spencers have raised two main areas of contention regarding JCC's decision. First, they argue that because JCC paid for six of Levi's speech therapy sessions, JCC should continue to pay. In effect, the

2

Spencers argue that JCC is estopped from now claiming that Levi's speech therapy sessions are not covered.

To make an estoppel claim, the Spencers are required to show:

(1) there must be conduct or language amounting to a representation of material fact;
(2) the party to be estopped must be aware of the true facts;
(3) the party to be estopped must intend that the representation be acted on, or the party asserting the estoppel must reasonably believe that the party to be estopped so intends;
(4) the party asserting the estoppel must be unaware of the true facts; and
(5) the party asserting the estoppel must reasonably or justifiably rely on the representation to his detriment. *Sprague v. Gen. Motors. Corp.*, 133 F.3d 388, 403 (6th Cir. 1998).

The Spencers cannot make a prima facie case for estoppel. They most certainly fail to meet the requirement that they (as the ones asserting estoppel) were unaware of "the true facts," *i.e.*, what was covered under the Plan. According to JCC, benefits were not paid on behalf of Levi because speech therapy for functional nervous disorders is not covered. [AR 3]. The Plan plainly states that speech therapy costs will be covered when associated with an "accidental injury or disease . . . other than a functional nervous disorder." [AR 238]. A neurology report on Levi was contained along with the plaintiffs' July 2004 appeal of the benefits denial, buttressing the claim that Levi's autism in a functional nervous disorder. [AR 9-10].

3

In addition, the BCBST Medical Policy Manual [Manual] states in no uncertain terms that speech therapy for autism is considered investigational and, therefore, is not covered. [Supp. AR 5]. To support that finding, the Manual cites a page and a half of articles from medical journals like the *Journal of the American Academy of Child and Adolescent Psychiatry*, *Journal of Autism and Developmental Disorders*, and *Neurology*. [Supp. AR 5-6]. The plaintiffs had every opportunity to be aware of the "true facts" of what was and was not covered under their health plan. As such, their estoppel claim must fail.

The Spencers next argue that this court should disregard JCC's finding that Levi had a "functional nervous disorder" because they were never given the opportunity to argue against that finding. In its July 2004 denial letter, JCC indicated that, for the first time, Levi was being denied benefits because "it appears that the speech therapy requested is as a result of a functional nervous disorder." [AR 3]. The Plan indicated that speech therapy benefits would not be paid for if associated with a functional nervous disorder. [AR 138, 238]. As the defendants eloquently noted in their response to the plaintiffs' motion for a judgment on the pleadings, "Apparently Plaintiffs challenge Ms. Shackelford's [the Plan Administrator] decision because, although she took the time to review and consider the information which they submitted, she came to a conclusion they do not like." Instead of arguing in their

4

filing before this court that Levi has a disease other than a functional nervous disorder, the plaintiffs boldly asked this court to not even consider that reason for the denial of benefits. Because the Plan plainly states that functional nervous disorder related speech therapy will not be paid for and it is the plantiffs' burden to prove that Levi's medical condition does not fall into that category, this argument, too, must fail.

After careful consideration of the entire record of proceedings related to this case, this court finds that JCC's decision that Levi's speech therapy costs were not covered under the plan was neither incorrect nor arbitrary and capricious. Accordingly, the Spencer's motion for a judgment on the pleadings will be denied, the defendant's motion for a judgment on the pleadings will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

THOMAS GRAY HULL
SENIOR UNITED STATES DISTRICT JUDGE

5